# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DERRICK L. LESTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 17-311-JHP |
| | ) | |
| **STEVEN M. PRESSON,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff is a pro se prisoner proceeding *in forma pauperis* who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. He brought this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations related to his conviction and sentence. The defendant is Steven M. Presson, an attorney who represented Plaintiff in post-conviction proceedings in the Pontotoc County District Court.

Plaintiff alleges Defendant Presson provided ineffective assistance of counsel. According to the copy of a letter from Defendant Presson to Plaintiff, which is attached to the complaint, Mr. Presson was a private attorney when he filed post-conviction applications on behalf of Plaintiff and other juvenile prisoners with sentences of life without parole (Dkt. 1 at 12-13). Mr. Presson and the other attorneys working on those cases subsequently determined that the court proceedings were premature, therefore, the applications were abandoned and allowed to be dismissed. *Id.* at 12.

The Tenth Circuit Court of Appeals follows "the 'vast weight of authority' [which] holds that 'private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.'" *Anderson v. Kitchen*, 389 Fed. App'x 838, 841 (10th Cir. 2010) (quoting *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983)). Therefore, the Court finds Plaintiff has not stated a claim under 42 U.S.C. § 1983 against Defendant Presson on which relief may be granted.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Even if Plaintiff's counsel were a state actor, the Court cannot consider a claim for compensatory damages based on ineffective assistance of counsel, unless the plaintiff first proves his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

Furthermore, to the extent Plaintiff is requesting relief from his conviction or sentence, such claims cannot be considered in a civil rights action. This form of relief, however, may be pursued through a petition for a writ of habeas corpus.

---

[1] Section 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 11th day of June 2018.

*[signature]*
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

in an action at law, suit in equity, or other proper proceeding for redress . . . ."